NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ZUBEIR JALIWALA,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2021-1523

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-20-0323-I-1.

---

Decided:  September 10, 2021

---

ZUBEIR JALIWALA, Miramar, FL, pro se.

KYLE SHANE BECKRICH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, ROBERT EDWARD KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before MOORE, *Chief Judge*, PROST and STOLL, *Circuit Judges*.

PER CURIAM.

Mr. Jaliwala was removed from his position as a Criminal Investigator at the Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE) for failing to meet a condition of employment—one of the physical fitness requirements set by the agency. He challenged his removal to the Merit Systems Protection Board, which affirmed his removal and rejected his affirmative defenses. *Jaliwala v. Dep't of Homeland Sec.*, No. SF-0752-20-0323-I-1, 2020 WL 5879703 (M.S.P.B. Oct. 1, 2020). On appeal, Mr. Jaliwala challenges the Board's rejection of his affirmative defenses. For the reasons below, we affirm.

## BACKGROUND

The parties agreed to the facts of this case, which are set forth in the Board's decision. SAppx. 4–11.[1] ICE posted a job opening for a Criminal Investigator in 2015. The posting noted that an applicant "may, in the future, be required to maintain a level of physical fitness in accordance with the standards and policies of the agency." SAppx. 5. Mr. Jaliwala applied for this position and was hired.

While Mr. Jaliwala was going through basic training, ICE implemented a Personal Fitness Test (PFT) policy, which required certain minimum levels of fitness of agents in Mr. Jaliwala's position. One requirement was that agents be able to run 1.5 miles within 14 minutes and 25 seconds. Mr. Jaliwala was unable to meet this time, instead completing the distance in 16 minutes and 32 seconds, but he satisfied all other requirements of the PFT.

After failing the test, Mr. Jaliwala was sent home from basic training. That same day, he sought a waiver of the PFT requirement, as allowed by the Office of Personnel

---

[1]     "SAppx." refers to the supplemental appendix filed by the Government.

Management's regulations.[2]  Those regulations require an agency to waive medical requirements or physical standards for federal employees "when an applicant or employee, unable to meet that standard or requirement, presents sufficient evidence that the applicant or employee, with or without reasonable accommodation, can perform the essential duties of the position without endangering the health and safety of the applicant or employee or others."  5 C.F.R. § 339.204(a).  Mr. Jaliwala's waiver request was reviewed by a Training Review Board, who recommended that his request be denied, but that he be given a second chance to pass the PFT and return to training.  The Assistant Director at ICE, Eric Feldman, adopted the recommendation of the Training Review Board.

Based on the Training Review Board's recommendation, Mr. Jaliwala took the PFT a second time but only completed the run in 16 minutes and 46 seconds.  After this, Division Chief Eric Balliet proposed Mr. Jaliwala's removal for failure to meet a condition of employment.  After receiving the removal proposal, Deputy Assistant Director Ricardo Mayoral provided Mr. Jaliwala a third chance to show he could pass the PFT.  Instead of making another attempt, Mr. Jaliwala argued that he should have been given a waiver because he had previously served as a law-enforcement officer and thus was qualified for the job.  Deputy Assistant Director Mayoral disagreed with Mr. Jaliwala and, based on Division Chief Balliet's proposal, removed Mr. Jaliwala from his position.

Mr. Jaliwala appealed to the Merit Systems Protection Board.  On appeal to the Board, Mr. Jaliwala asserted two

---

[2]    At the time of his waiver request, ICE had not yet implemented a waiver protocol for the PFT policy.  Shortly after Mr. Jaliwala filed his request, ICE enacted a protocol for handling such waiver requests and invited Mr. Jaliwala to resubmit his request, which he did.

affirmative defenses:  (1) the agency committed harmful procedural error in its decision denying his waiver request, and (2) the agency's decision was "not in accord with law" because the procedures for considering his waiver request were not followed.  An Administrative Judge issued an initial decision that sustained Mr. Jaliwala's removal and rejected his two affirmative defenses.  Because of a lack of a quorum at the Board, this initial decision became the Board's final decision without further review.

Mr. Jaliwala appeals.   We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's interpretation of a statute de novo and the Board's factual determinations for substantial evidence.  *Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020).  We affirm a Board decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  The petitioner bears the burden of establishing reversible error in the Board's final decision.  *Sistek*, 955 F.3d at 953.

Mr. Jaliwala presents two main arguments on appeal. First, Mr. Jaliwala argues that the Training Review Board's error in reviewing his waiver request, i.e., its "procedures in arriving at [its] decision," 5 U.S.C. § 7701(c)(2)(A), was "harmful error."  Second, Mr. Jaliwala argues that the Training Review Board's waiver recommendation and Mr. Feldman's acceptance of that recommendation "was not in accordance with law."  5 U.S.C. § 7701(c)(2)(C).  We address each argument in turn.

Starting with Mr. Jaliwala's argument that the Board committed "harmful error," substantial evidence supports the Board's finding that, although Mr. Jaliwala established

that the Training Review Board committed a procedural error, he failed to show that this error was "harmful." It is undisputed that, in denying Mr. Jaliwala's request for a waiver, the Training Review Board and Assistant Director Feldman did not expressly consider whether Mr. Jaliwala "present[ed] sufficient evidence that [Mr. Jaliwala] . . . c[ould] perform the essential duties of the position without endangering the health and safety of [himself] or others." SAppx. 18. The Board found this to be an error, and the Government does not argue otherwise. *Id.*

The Board also found, however, that Mr. Jaliwala failed to prove that this error was harmful as it regarded the agency's decision to remove him from service. The Board defines "harmful error" as an "[e]rror by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." 5 C.F.R. § 1201.4(r). The appellant must show that this error "caused substantial harm or prejudice to his or her rights." *Id.* In finding that the error was not harmful, the Board relied largely on the testimony of Deputy Assistant Director Mayoral that he considered whether Mr. Jaliwala could perform the essential duties of the position when deciding whether removal of Mr. Jaliwala was appropriate. SAppx. 18–19. Specifically, Mr. Mayoral testified that he "found that the appellant did not introduce sufficient evidence that he would be able, within established parameters, to engage in a foot pursuit of a fleeing individual or in response to a dangerous situation, or assist another agent in a shooting incident, which are essential duties." SAppx. 19. The Board concluded, based on this testimony, that it was unlikely that the Training Review Board would have reached a different conclusion, and thus Mr. Jaliwala failed to show the error was harmful—i.e., curing this error was "likely" to result in a different conclusion regarding his removal.

Mr. Jaliwala speculates that it is "possibl[e]" that this error could have affected his removal, Appellant's Br. 11–12, but he does not identify any evidence that would have likely persuaded the Training Review Board to reach a conclusion opposite to that of Mr. Mayoral. And Mr. Jaliwala's arguments on appeal do not address or undermine the logic presented in Mr. Mayoral's testimony regarding the essential duties of the job. Therefore, although Mr. Jaliwala is correct that this is a procedural error, we conclude that substantial evidence supports the Board's finding that the error was not shown to have been harmful such that it would have affected Mr. Jaliwala's removal, as is required by 5 C.F.R. § 1201.56(c)(1) and 5 U.S.C. § 7701(c)(2)(A).

Mr. Jaliwala's second argument, that the agency's decision was "not in accordance with law," contends that the waiver decision itself failed to follow required procedures. *See, e.g.*, Appellant's Br. 12 (arguing ICE "cannot show as a matter of law that it complied with [5 C.F.R.] § 339.204" (the section regarding waiver decisions)).[3] We cannot, however, decide as an independent matter whether that waiver decision was proper irrespective of how it would affect the removal decision. As the Board found, and Mr. Jaliwala does not contest on appeal, the Board does not have jurisdiction to review such waiver determinations. SAppx. 16–17, 20. Therefore, like the Board, we review only the waiver determination's effect on the removal decision. We affirm because, as explained above, we agree with the Board that Mr. Jaliwala has not shown that the error

---

[3]   Mr. Jaliwala does not contest the legal authority of the Training Review Board and Mr. Feldman to deny his waiver request or that they did, in fact, deny his request. He instead contests the manner in which it was denied. Similarly, he does not contest Mr. Mayoral's legal authority to remove him from service.

in the waiver decision would likely have affected the removal decision.

Mr. Jaliwala was given numerous opportunities to meet the agency-set minimum fitness requirement, but he was simply unable to. Instead he argued that he should be excused from that requirement because he could still perform the job adequately. Ultimately, Mr. Jaliwala's dissatisfaction appears to find its source in his disagreement with the agency that running 1.5 miles in under 14 minutes and 25 seconds is a necessary requirement to adequately perform the job. This determination as to the requirements necessary to perform a certain job is the type of judgement call reserved for the agency itself.

## CONCLUSION

For the reasons stated above, we affirm the Board's affirmance of Mr. Jaliwala's removal.

## **AFFIRMED**

## COSTS

No costs.